1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10
11   CARMEN JOHN PERRI, an individual,     Case No. 2:20-cv-06679-JWH-SKx
12              Plaintiff,
                                           **ORDER TO SHOW CAUSE**
13        v.                               **REGARDING SUPPLEMENTAL**
                                           **JURISDICTION OVER UNRUH**
14   PHYLLIS G. APPLE, an individual;      **ACT CLAIM**
     DONALD I. GORHAM, an individual;
15   CHARLES J. GORHAM, an individual;
        and
16   DOES 1-10, inclusive,
17              Defendants.
18
19
20
21
22
23
24
25
26
27
28

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12102(2)(A), and a claim for damages pursuant to California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code § 51.[1]  It appears that this Court possesses only supplemental jurisdiction, 28 U.S.C. § 1367, over the Unruh Act claim.

Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).  The Supreme Court has described this statute as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction.  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie-Mellon*, 484 U.S. at 350.

California has enacted legislation to curtail claims such as those asserted in this case when they are filed by high frequency litigants.  *See* Cal. Civ. Proc. Code §§ 425.55(b)(1) & (2).  A number of California federal district courts in cases similar to the present one have declined to exercise supplemental jurisdiction over an Unruh Act claim pursuant to 28 U.S.C. § 1367(c)(4).  In view of that background, the Court orders Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim.  *See* 28 U.S.C. § 1367(c).

---

[1]     *See generally* Compl. [ECF No. 1].

In responding to this Order to Show Cause, Plaintiff is directed to identify the amount of statutory damages that Plaintiff seeks to recover.  Plaintiff and Plaintiff's counsel shall also support their responses to this Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by Cal. Civ. Proc. Code §§ 425.55(b)(1) & (2).

***Plaintiff shall file a response to this Order to Show Cause by no later than 14 days after the date of this Order.***  Failure to respond to this Order to Show Cause may, without further warning, result in the Court's dismissal of the entire action without prejudice or in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and the dismissal of that claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: January 19, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE